

*Michael Van Riper*
*212.981.2338*
*mvanriper@wilkauslander.com*

August 19, 2024

**FILED BY ECF**

Hon. Ann Marie Donio
United States Magistrate Judge
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

   Re: *U.S. Securities and Exchange Commission v. Hal D. Mintz and Sabby Management LLC,* 1:23-cv-03201 (RMB) (AMD)

Dear Judge Donio:

  Defendants Hal D. Mintz and Sabby Management LLC ("Sabby") (collectively, with Mintz, "Defendants") write to respectfully request the Court extend the current fact discovery deadline in this case from December 2, 2024 to February 3, 2025. As the Court is aware, Defendants and plaintiff U.S. Securities and Exchange Commission (the "SEC" and collectively, the "Parties") made their first joint application for an extension of time to complete fact discovery on July 12, 2024. (ECF No. 36). The Court granted the Parties' joint application in part, extending fact discovery to December 2, 2024, but did not grant their joint request to push out the fact deadline to March 31, 2025. (ECF No. 37). Defendants now ask the Court for a short and hopefully final extension of that deadline to accommodate completion of document review, third-party discovery, and fact witness depositions.

  Federal Rule of Civil Procedure 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." Good cause in this context is established when "the party seeking the extension" can "show that the deadlines set forth in the scheduling order 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Williams v. Sullivan*, No. 08-1210, 2011 WL 2119095, at *4 (D.N.J. May 20, 2011) (quoting FED. R. CIV. P. 16(b) advisory committee note to 1983 Amendment). Here, the parties have been and will continue to work diligently, and ample good cause exists to extend the discovery schedule to February 3, 2025.

  To date, the SEC has indicated that it intends to take the depositions of Defendant Hal D. Mintz and non-parties Robert Grundstein, Peter Yan, Roger Masi, and Daniel Dombroski, all current or former employees of Sabby. Five fact witnesses is fair enough – Defendants have no objection there – but adequately preparing for each witness is highly time-consuming with a universe of documents in the case consisting of approximately 200,000 documents and over one million pages. The SEC had a fuller opportunity to review most or all of these documents during

Hon. Ann Marie Donio
August 19, 2024
Page 2

the course of the investigation that led to this action, but Defendants are necessarily playing catch-up.

Defendants have made good progress reviewing these documents, but the thorough review required for adequate witness preparation borders on impossible within the next eight weeks. Thus far, Defendants have assigned a team of attorneys to exclusively review documents, each of whom works for approximately eight hours per day. Together, they have reviewed approximately 30,000 documents consisting of over 317,000 pages. Much remains to be done, but this is a brisk pace, and easily satisfies the diligence required by Rule 16. Moreover, Defendants may serve third-party discovery, based on the documents currently being reviewed, but will not be able to do so until the review is substantially complete.

That timeline only becomes more telescoped when factoring in the numerous religious holidays between October and November (the Jewish holidays alone will affect all or part of 10 business days in October), which complicate the Parties' ability to prepare, plan, and schedule the depositions of Sabby's employees. And all of that will likely come before any third-party depositions by Defendants themselves.

In addition, Defendants' motion to quash the third-party subpoena the SEC served on Clear Street LLC remains pending. Should the Court deny that motion, Clear Street's ensuing production will also require review, and may yield additional areas for document and witness discovery.

Lastly, Defendants recently identified missing records in the SEC's production, specifically certain document requests issued to non-parties by the SEC during its investigation captioned *In the Matter of H.C. Wainwright & Co. LLC* (File No. HO-13040) and the written responses by those non-parties. Counsel for the SEC has been prompt and attentive to Defendants' concerns – Defendants have no objection there either – but the missing documents have nevertheless slowed Defendants' review, and provides additional justification for a reasonable extension of the fact discovery deadline.

Accordingly, good cause exists to extend the schedule here, particularly where the Parties have worked diligently to manage a very substantial document production and where Defendants have identified the need for additional time well in advance, rather than belatedly coming to the Court after exercising sub-optimal diligence (as can often happen with such applications).

Defendants met with SEC on August 7, 2024, to discuss a second extension of time for fact discovery and the scheduling of depositions. The SEC does not oppose the request.

Respectfully submitted,

/s/   Michael Van Riper
Jay S. Auslander (*pro hac vice*)
Aari Itzkowitz (*pro hac vice*)
Michael Van Riper
**WILK AUSLANDER LLP**
825 Eighth Avenue, Ste. 2900
New York, New York 10019
(212) 421-2902 tel
(212) 752-6380 fax

jauslander@wilkauslander.com
aitzkowitz@wilkauslander.com
mvanriper@wilkauslander.com

cc:
Daniel J. Maher
Edward J. Reilley
**U.S. Securities and Exchange Commission**
100 F. Street NE
Washington, DC 20549
Telephone: (202) 551-4737
Maherd@sec.gov
(w/o encls.)