IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>HAL D. MINTZ and SABBY MANAGEMENT, LLC,<br><br>  Defendants. | Civil No. 23-3201 (RMB/AMD) |

**AMENDED SCHEDULING ORDER**

This matter having come before the Court by way of Defendants' unopposed letter application [D.I. 49] for an extension of fact discovery; and good cause appearing for the entry of the within Order:

IT IS on this **12th** day of **March 2025,** hereby **ORDERED:**

1. Pretrial factual discovery shall be concluded by **May 16, 2025,** without prejudice to any party's right to request an extension of discovery. All discovery motions and applications pursuant to L. Cɪᴠ. R. 37.1(a)(1) shall be made returnable before the expiration of pretrial factual discovery.

2. **Depositions**. All depositions are to be conducted in accordance with the procedures set forth in the order of Judge Gawthrop, in *Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D. Pa. 1993). In addition, all depositions, including video depositions, shall comply with Federal Rule of Civil Procedure 30.

3. **Discovery Letters and Motions**. Counsel shall meet and confer in a good faith attempt to informally resolve any and all discovery or case management disputes before seeking the Court's

intervention. *See* Local Civil Rule 37.1(a)(1). Absent exigent circumstances, the Court expects parties to "meet and confer" in-person, via telephone, or video conference before making a discovery application. Any dispute not resolved shall be brought to the Court's attention by letter after counsel's good faith attempt to resolve the dispute has failed and shall set forth in detail the specific efforts that were made to resolve the dispute before contacting the Court. No discovery motion shall be made without prior leave of Court. *See* Local Civil Rule 37.1(b).

4. All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of Plaintiff shall be served upon counsel for Defendants not later than **June 3, 2025**. All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of Defendants shall be served upon counsel for Plaintiff not later than **August 1, 2025**. Each such report should be accompanied by the *curriculum vitae* of the proposed expert witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed. Depositions of proposed expert witnesses shall be concluded by **September 25, 2025**.

The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to FED. R. EVID. 701 and *Teen-Ed v. Kimball International, Inc.*, 620 F.2d 399 (3d Cir. 1980).

5. **<u>Dispositive Motions</u>**. Dispositive motions shall be filed with the Clerk of the Court no later than **November 7, 2025**. Opposition to the motion should be served in a timely fashion. Counsel are to follow L. CIV. R. 7.1, 7.2, 56.1 and 78.1 (Motion Practice – Generally).

6. Any application for an extension of time beyond the deadlines set herein shall be made prior to expiration of the period sought to be extended and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under FED. R. CIV. P. 16(b), and whether adversary counsel agree with the application. The schedule set herein will not be extended unless good cause is shown.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN THE IMPOSITION OF SANCTIONS UNDER** FED. R. CIV. P. **16(f).**

s/ Ann Marie Donio<br>
ANN MARIE DONIO<br>
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Renée Marie Bumb,
    Chief Judge